**Opinion issued November 21, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00564-CR

———————————

**IN RE MENTAL HEALTH AND MENTAL RETARDATION AUTHORITY OF HARRIS COUNTY, Relator**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1153364**

---

## MEMORANDUM OPINION

In December 2008, T.W.G. was acquitted—by reason of insanity—of charges of aggravated assault of a family member. *See* TEX. CODE CRIM. PROC. art. 46C.263 (West 2006). The trial court found that the offense of which he was acquitted "[p]laced another person in imminent danger of serious bodily injury"

and "[c]onsisted of a threat of serious bodily injury to another person through use of a deadly weapon." The court further found, "from clear and convincing evidence," that T.W.G.: (1) "has a severe mental illness and as a result of that mental illness," (2) "is likely to cause serious bodily injury or serious harm to another" if he "is not provided treatment and supervision," (3) "appropriate treatment and supervision" for his mental illness "CANNOT be safely or effectively provided as outpatient or community-based treatment and supervision," and (4) "inpatient treatment or residential care" was "necessary to protect the safety of others." Accordingly T.W.G. was committed to a mental hospital for inpatient treatment in a maximum-security facility.

T.W.G. was periodically recommitted to inpatient treatment until March 2010, when the trial court found that he had recovered sufficiently to be treated as an outpatient. *See id*. art. 46C.262. He was initially ordered to receive outpatient care at the Open Door Mission. On December 16, 2010, the trial court entered its First Amended Order for Extended Mental Health Services and Annual Extension of Outpatient Treatment, ordering that T.W.G. "participate in a community regimen of treatment and supervision," and that he receive specialized services and outpatient treatment from the Mental Health and Mental Retardation Authority of Harris County. That order would have expired by operation of law on the first

anniversary of the date the order was issued, but it was subject to renewal. *See id.* arts. 46C.257, 46C.261, 46C.267(b).

This original proceeding concerns an order entered on December 15, 2011—the day before the prior order would have expired—renewing T.W.G.'s outpatient treatment and supervision.[1] The order was entered after hearings on the preceding two days concerning the status of T.W.G.'s commitment. T.W.G. was represented by counsel at the hearings, and he did not oppose renewal of the order. MHMRA, however, opposed renewal of the order on procedural grounds, because no party timely filed a request that the order be renewed. *See id.* art. 46C.261(b).

The trial court was statutorily required to determine annually whether to renew the order. *See id.* art. 46C.261(a). The court determined that renewal was appropriate, and that determination was supported by the evidence.[2] The record includes a physician's certificate of medical examination for mental illness[3] dated

---

[1] The underlying case is *In re T.W.G.*, Cause No. 1153364, in the 208th District Court of Harris County, Texas. The respondent is the Honorable Denise Collins.

[2] *See* TEX. CODE CRIM. PROC. art. 46C.261(h) ("A court shall renew the order only if the court finds that the party who requested the renewal has established by clear and convincing evidence that continued mandatory supervision and treatment are appropriate.").

[3] *See id.* art. 46C.261(g) ("If no objection is made, the court may admit into evidence the certificate of medical examination for mental illness. Admitted certificates constitute competent medical or psychiatric testimony, and the court may make its findings solely from the certificate . . . .").

3

November 28, 2011, which includes the examining physician's opinion that T.W.G. suffers from "bipolar disorder with psychosis," characterizing the condition as "a chronic and life long illness." The certificate expressed the physician's opinion that T.W.G. "is mentally ill," that the "nature of the mental illness is severe and persistent," and that "as a result of that illness," he "[i]s likely to cause serious bodily injury to another if . . . not provided court-ordered outpatient mental health treatment and supervision."

On June 15, 2012, six months after the renewal of the order for T.W.G.'s outpatient mental health services, relator MHMRA filed its petition for writ of mandamus. MHMRA does not object to providing services to T.W.G.; it only complains about the procedure in the trial court. The relief sought by MHMRA is a writ "directing Respondent to vacate her December 15, 2011 Order, and for such other and further relief to which it may show itself entitled."

"'Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law.'" *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). "The writ will issue 'only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.'" *Id*. at 840 (quoting *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989)). "Mandamus is an

4

extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (citing *Callahan v. Giles*, 137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941)). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id.*; *see also In re Prudential Ins. Co.*, 148 S.W.3d 124, 138 (Tex. 2004).

We do not find mandamus relief to be appropriate in this case. No party, including the acquitted party, opposes the continuation of outpatient mental health services. The Legislature has specified that the trial court "annually shall determine whether to renew the order." TEX. CODE CRIM. PROC. art. 46C.261(a). We find no clear abuse of discretion under the circumstances. Moreover, we do not perceive that MHMRA has been deprived of any important substantive or procedural right giving rise to a "manifest necessity" that the trial court's order be vacated. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

### PER CURIAM

Panel consists of Justices Keyes, Massengale, and Brown.
Do not publish.   TEX. R. APP. P. 47.2(b).