

NUMBER 13-18-00302-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE JUAN ENRIQUEZ

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Contreras

On June 13, 2018, relator Juan Enriquez, proceeding pro se, filed a petition for writ of mandamus in the above cause. Relator seeks to compel the trial court to vacate its order of August 24, 2017 granting a motion to transfer venue from Nueces County, Texas, to Karnes County, Texas. In the underlying trial court proceeding, relator sued Dwayne Villanueva, the Sheriff of Karnes County, Texas, individually and in his official capacity, for "damages, declaratory and injunctive relief for false imprisonment, cruel and unusual punishment, denial of due process, and . . . the right to be free from imprisonment." According to the record provided by relator, after the case was transferred to a district

court in Karnes County, that court dismissed the lawsuit as "frivolous" by order issued on September 27, 2017.[1]

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Mandamus is an extraordinary remedy that is available only in limited circumstances involving manifest and urgent necessity; it is not available for grievances that may be addressed by other remedies. *City of Houston v. Houston Mun. Employees Pension Sys.*, No. 17-0242, __ S.W.3d __, __, 2018 WL 2749728, at *10 (Tex. June 8, 2018); *Walker*, 827 S.W.2d at 40. Further, although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles, and one such principle

---

[1] This original proceeding arises from cause number 2017-DCV-2180-A in the 28th District Court of Nueces County, Texas, and the respondent is the Honorable Nanette Hasette. *See* Tex. R. App. P. 52.2. The case was transferred to cause number 17-09-00210-CVK in the 218th District Court of Karnes County, Texas. Relator has appealed the ultimate ruling in the Karnes County case, and that appeal is currently pending in appellate cause number 04-17-00719-CV in the San Antonio Court of Appeals. We note that relator attacks the trial court's order transferring venue in the briefing that he filed in that appeal. The lengthy and convoluted criminal proceedings that spawned the instant civil litigation over relator's imprisonment is detailed, in part, in *Enriquez v. State*, No. 04-10-00071-CR, 2011 WL 2637370, at *1 (Tex. App.—San Antonio July 6, 2011, pet. ref'd) (mem. op., not designated for publication).

is that "equity aids the diligent and not those who slumber on their rights." *In re Dorn*, 471 S.W.3d 823 (Tex. 2015) (orig. proceeding) (quoting *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941); *see Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), 52.10(b).

DORI CONTRERAS
JUSTICE

Delivered and filed the
15th day of June, 2018.