## JAY CALLAHAN v. BASCOM GILES, COMMISSIONER OF THE GENERAL LAND OFFICE, ET AL.

No. 7676. Decided November 5, 1941.
(155 S. W., 2d Series, 793.)

*Gordon Griffin,* of McAllen, for relator.

Relator who was not the owner of the land upon the date of forfeiture, but who is the assignee of such owner by purchase from his widow and children, has the right to apply to the land commissioner for a revaluation of said property, by paying one cent per acre therefor, and thereafter for ninety days has a preferential right to purchase said land at its re-appraised value. Lovett v. Simmons, 29 S. W. (2d) 1021; City of Dallas v. Wright, 120 Texas 190, 36 S. W. (2d) 973; Oden v. Gates, 119 Texas 75, 24 S. W. (2d) 381.

*Gerald C. Mann,* Attorney General, *Robert E. Kepke, D. D. Mahon, James Noel, Glenn R. Lewis* and *Cecil C. Cammack,* Assistants Attorney General, and *Jack Sparks,* of Austin, for the Land Commissioner, and *J. B. Robertson and Dan Moody,* both of Austin for Respondent Hattie E. Phillips.

As the original sale of the land in question had been forfeited in 1924, and the Relief Act was passed and approved in 1925 and no request for revaluation was made to the land office until 1939, approximately fourteen years after the preference right to repurchase had accrued, any right the relator might have had was lost by laches. Munson v. Terrell, 101 Texas 220, 105 S. W. 1114; Reese v. Carey Bros., 286 S. W. 307.

Neither did relator have the right to repurchase when he was not the owner of the land at the date of forfeiture. Hazelwood v. Rogan, 95 Texas 295, 67 S. W. 80; DePoyster v. Baker, 89 Texas 155, 34 S. W. 106; Adkinson v. Porter, 73 S. W. 43.

MR. JUSTICE SHARP delivered the opinion of the Court.

Jay Callahan, relator, by original mandamus proceedings filed in this Court seeks to compel Honorable Bascom Giles, Commissioner of the General Land Office of the State of Texas, to revalue Section 252, C. C. S. D. & R. G. N. G. Ry. Co. Survey, Starr County, containing 654 acres of land; to give relator written notice of such revaluation; and to sell and award the same to relator under the provisions of Chapter 94, Acts of the 39th Legislature, Regular Session, page 267, as amended by Chapter 25, First Called Session 39th Legislature, page 43, being Article 5326a, Vernon's Annotated Texas Civil Statutes. Frank T. Phillips was made a party to this proceeding.

On May 5, 1909, Section 252 was awarded to John E. Brearley, who paid one-fortieth of the required purchase price and executed his obligation for the unpaid balance. Brearley being in default in payment of interest due the State, the Land Commissioner on June 10, 1924, advertised the land as being subject to forfeiture and as coming on the market for sale on September 1, 1924. Brearley having failed to redeem prior to August 20, 1924, the award was on that day forfeited by the Land Commissioner for nonpayment of interest. The section was reappraised and reclassified on the same day, and on August 29, 1924, the Land Commissioner forwarded to the County Clerk of Starr County, Texas, a list showing the lands in Starr County which had been sold, the sale thereof forfeited, and which remained unsold, and on which no oil or gas application had been filed. Section 252 was included in that list.

On September 2, 1924, Frank T. Phillips filed his application to purchase Section 252, and on October 4, 1924, purchased the same, paying one-fortieth of the purchase price and executing his obligation to the State of Texas for the unpaid balance. From the time of the sale to him and until his death early in 1941, Frank T. Phillips was in possession of the land. Since his death, Mrs. Hattie E. Phillips, his widow and sole devisee under his will, has been and is now in possession. During the period of their possession they have paid $3,206.61 in principal and interest on the purchase price of the land, and have erected permanent and valuable improvements thereon.

John E. Brearley, the original purchaser, died intestate in 1932, and was survived by his widow and four children, who, on May 17, 1939, and June 14, 1939, conveyed whatever interest

they had in Section 252 to Jay Callahan, relator. As far as the records of the General Land Office show, neither John E. Brearley nor those who claim under him had any further connection with the land from the time of forfeiture until July 6, 1939.

On July 6, 1939, relator filed his notice with the Land Commissioner advising him of his desire to repurchase said section of land, as authorized by Article 5326a, and requested him to revalue the same, and tendered to the Land Commissioner the sum of one cent per acre, or a total of $6.54, being the amount required by the statute. The Land Commissioner declined to revalue the land, advising relator that under the construction of the Repurchase Act (Article 5326a), as construed by his office, he could revalue the land only upon the request of John E. Brearley, the owner "at the date of forfeiture," and that the right of repurchase was not available to assignee of the owner.

The Land Commissioner having refused to recognize his application, relator filed this suit on November 11, 1939, seeking to set aside the award and sale to Frank T. Phillips, and to compel the Land Commissioner to revalue the land and perform the other acts necessary to his repurchasing the land under Article 5326a.

The substance of relator's petition for mandamus is that the sale and award to Frank T. Phillips is void, because the land was not advertised for sale according to the provisions of Article 5408, R. C. S. 1911, as amended in 1919, and under the holdings in Weaver v. Robison (Com. App.), 114 Texas 272, 268 S. W. 133, and Lovett v. Simmons (Com. App.), 29 S. W. 1021; that said sale to Fank T. Phillips was not validated by the Validating Act of 1925, Article 5311b, R. C. S. 1925; and that since the sale to Phillips was void, Section 252 is "unsold land," and hence he, as assignee of the Brearley heirs, is entitled to repurchase the land under the provisions of Article 5326a.

Respondents Land Commissioner Giles and Mrs. Hattie E. Phillips each filed separate answers. Two of the five or six grounds of defense asserted in these answers are: (1) That any preference right that relator might have had to repurchase Section 252 has been lost by laches; and (2) that the sale to Frank T. Phillips on October 4, 1924, having been made

without condition of settlement, the provision of Article 5329, R. C. S. 1925, that "no sale made without condition of settlement shall be questioned by the State or any person after one year from the date of such sale," prohibits both the State and relator from now questioning that sale.

These grounds of defense must be sustained, and for those reasons relator's petition for mandamus must be refused.

1 Mandamus is an extraordinary writ, and is not issued as at matter of right, but rests largely in the sound discretion of the Court. Westerman v. Mims, 111 Texas 29, 227 S. W. 178; Munson v. Terrell, 101 Texas 220, 105 S. W. 114; Moore v. Rock Creek Oil Corporation (Com. App.) 59 S. W. 815; 28 Tex. Jur. 520. The writ will not be granted unless the petition shows that the relator has a clear right to the writ. American Book Co. v. Marrs, 113 Texas 291, 253 S. W. 817; City of Sherman v. Langham, 92 Texas 13, 40 S. W. 140, and numerous cases cited in 28 Tex. Jur. 533.

This record shows that Frank T. Phillips and Mrs. Mattie E. Phillips have in good faith occupied Section 252 for approximately seventeen years, since they purchased it from the State, that they have paid $3,206.61 on its purchase price, that they have fenced the land, and that they have constructed houses, concrete tanks, and other valuable improvements, costing approximately $7,500.00. The Commissioner of the General Land Office in his brief states that, as far as the records of his office show, neither John E. Brearley nor his heirs, nor their assigns, ever made any claim to the land, or ever questioned the sale to Phillips, or had any connection with the land from the time of its forfeiture in August, 1924, until the request for revaluation was made by relator in 1939,—a period of fifteen years of silence and acquiesence. There are no allegations whatever in relator's petition which offer any excuse for the delay.

2, 3 While mandamus is a common law writ and not an equitable remedy, its issuance is largely controlled by equitable principles. Westerman v. Mims, 111 Texas 29, 227 S. W. 178; Lacey v. State Banking Board, 118 Texas 91, 11 S. W. (2d) 498; Moore v. Rock Creek Oil Corporation (Com. App.), 59 S. W. (2d) 815; 28 Tex. Jur. 521. The writ will not be granted in aid of one who is guilty of laches. Westerman v. Mims, supra; Moore v. Rock Creek Oil Corporation, supra; Robbins v.

Thompson, 8 S. W. (2d) 813; Hall v. Stevens, 254 S. W. 610. The maxim that "Equity aids the diligent and not those who slumber on their rights" is a fundamental principle of equity jurisprudence, resulting in a rule of practice which has made the defense of laches just as complete a bar to the assertion of an equitable right as the defense of limitation is a bar to the assertion of a legal right. Frost v. Wolf, 77 Texas 455, 14 S. W. 440; 27 Tex. Jur., 17. We hold, as a matter of law, that relator's petition is barred by laches. Munson v. Terrell, 101 Texas 220, 105 S. W. 1114.

4 The petition must also be refused for another reason. Whatever right relator may have had to attack the sale has been barred by Section 4 of Article 5329, R. C. S. 1925, which, so far as here pertinent, reads: "No sale without condition of settlement shall be questioned by the State or any person after one year from the date of such sale." This Court has repeatedly held that a suit to test the validity of a sale of public lands made by the State must be filed within one year after the date of such sale, and not afterwards. Caples v. Cole, 129 Texas 370, 377, 102 S. W. (2d) 173 and 104 S. W. (2d) 3; Herndon v. Robison, 114 Texas 446, 270 S. W. 159; Erp v. Tillman, 103 Texas 574, 131 S. W. 1057; Pruett v. Robison, 108 Texas 283, 192 S. W. 537. The sale, however, must be authorized by law, or be made under color of law, in order to invoke the one year statute of limitation. Caples v. Cole, supra. The statute was enacted to protect sales authorized by law, but which, because of some irregularity or error on the part of the purchaser or agent of the State, did not fully comply with the requirements of the law authorizing such sale. The only attack leveled against the sale to Phillips was that the land was advertised for sale before the Brearley award was forfeited, although the sale was not made until forty-five days after such forfeiture.

Judge Williams, speaking for the Supreme Court in Erp v. Tillman, supra, and referring to Article 5458, R. C. S. 1911 now Article 2603), before it was amended in 1921, said:

"It may properly be called a statute of limitation, but it is more than that. In addition to fixing a time for suit, it contains both a rule of substantive law and a rule of evidence which the courts must take notice of and be guided by in the decision of such causes. It ought not to be forgotten, though it often is, that the interests of the two contestants over school

land which has been sold to one of them are not the only ones involved. The State has an interest in the maintenance of sales made for the benefit of its school fund, and it was largely to give such protection that this statute was passed. It had been common for sales which had stood for years to be treated as naught and the relations and accounts between the state and its purchasers disturbed by other applicants showing some failure to comply with the law in the making of the sales. It was not so much to protect the purchasers who had not complied with the law as it was to prevent such interferences with sales and to reserve to the state the election to abide by or repudiate them, that this statute was adopted. A year was deemed sufficient time in which to allow awards to be put to the tests previously applied at the instance of intending purchasers and lessees, and after which only the state could interfere."

In 1921 the Legislature amended the Act referred to by Judge Williams, so as to make it apply to the State as well as to private citizens; so that, under the provisions of the Act as now in force, neither the State nor "any person" may question a sale, made without condition of settlement, after one year from date of such sale. The sale to Phillips was made without condition of settlement.

Relator contends that the sale made by the Commissioner of the General Land Office to Frank T. Phillips was void, and that such sale was not validated by Article 5311b of the 1925 Validating Act, Vernon's Annotated Texas Civil Statutes. In view of the foregoing conclusions, it is unnecessary to determine whether such Act validated such sale or not. We therefore express no opinion on that question.

The petition for mandamus is denied.

Opinion delivered November 5, 1941.