In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-473 CV


____________________



IN RE SABINE SYNGAS, LTD. AND SABINE POWER, L.L.C.






Original Proceeding






 MEMORANDUM OPINION


 Sabine Syngas, Ltd. and Sabine Power, L.L.C. filed a petition for writ of mandamus
and a motion to stay the trial court's order compelling arbitration. Although the trial court
signed an order compelling arbitration on November 26, 2007, the relators sought mandamus
relief for the first time on November 5, 2008, the day before the arbitration was scheduled
to begin. We deny the petition and motion for temporary relief.

 Although mandamus is a legal remedy, it is largely controlled by equitable principles,
including the principle that "[e]quity aids the diligent and not those who slumber on their
rights." Rivercenter Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (quoting Callahan
v. Giles, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941)). The trial court ordered the parties
to arbitrate the relators' third-party tort claims with the parties' claims and counterclaims for
breach of contract almost one year before the petition for writ of mandamus was filed with
this Court. The petition and record provide no adequate explanation for the relators' delay
in seeking relief from this Court. 

 In addition, to obtain mandamus relief, a relator must show both that the trial court
clearly abused its discretion and that the relator has no adequate remedy by appeal. In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). On this record the relators
failed to establish that appeal would not be an adequate remedy. See Perry Homes v. Cull,
258 S.W.3d 580, 585-86 (Tex. 2008). Accordingly, we deny the petition for writ of
mandamus and motion for temporary relief.

 PETITION DENIED.

 PER CURIAM

Opinion Delivered November 5, 2008

Before McKeithen, C.J., Gaultney and Kreger, JJ.