Opinion filed July 8, 2010

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00172-CR 

                                                    __________

 

                                        IN
RE STATE OF TEXAS

 

 

                                         Original
Mandamus Proceeding

 



 

                                                                  O
P I N I O N

            Relator,
the State of Texas, seeks a writ of mandamus compelling respondent, Hon. Robin
Malone Darr, Judge of the 385th District Court of Midland County, to vacate her
“Order on Defendant’s Motion to Interview Child.”  Respondent entered the order
on January 20, 2010, in Cause No. CR36352, styled State of Texas v. Justin
Miller.[1] 
In Cause No. CR36352, Miller has been indicted for the offense of aggravated
sexual assault of a minor who was younger than thirteen years old at the time
of the alleged offense.  Miller’s attorney filed a motion to interview the
child.  Following a hearing on the motion, respondent entered her order
allowing an interview of the child as follows:

        IT IS THE
ORDER OF THE COURT that the counsel for defense may propound written
interrogatories that shall be presented to the child by the same neutral
individual who made the initial inquiries, if possible.  The questions shall be
propounded to the child at the Children’s Advocacy Center and recorded under
the same or similar circumstances as was used in the previous interview of the
child.  Counsel for Defense may watch and listen to the interview by close
circuit television and may propound additional questions through the neutral
interviewer after the written interrogatories are addressed and answered.  The
entire questioning and answering of defense questions shall be limited to one
hour.  The one hour time limit will not include introductory questions and
conversation initiated by the interviewer.  The one hour time limit will begin
when the interviewer begins asking the submitted interrogatories.

 

Respondent also
provided in her order that the State could watch the interview by close circuit
television and propound questions after defense counsel’s questions had been
answered.

            On
June 30, 2010, the State filed its petition for writ of mandamus in this court. 
The State asserts in its petition that respondent abused her discretion in
entering the January 20, 2010 order.  Although mandamus is not an equitable
remedy, its issuance is largely controlled by equitable principles.  Smith
v. Flack, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987); see Rivercenter
Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993); Callahan v. Giles,
155 S.W.2d 793, 795 (Tex. 1941).[2] 
One such principle is that “[e]quity aids the diligent and not those who
slumber on their rights.” Rivercenter, 858 S.W.2d at 367 (quoting Callahan,
155 S.W.2d at 795).  Therefore, mandamus relief may be denied to a party for
lack of diligence.  In re Users Sys. Servs., Inc., 22 S.W.3d 331, 337
(Tex. 1999) (orig. proceeding); Rivercenter, 858 S.W.2d at 367; In re
Wise, 20 S.W.3d 894, 895 (Tex. App.—Waco 2000, orig. proceeding).  When the
record does not reveal a justification for the delay in filing a petition for
writ of mandamus, a court may appropriately deny mandamus relief.  Rivercenter,
858 S.W.2d at 367; see also In re Xeller, 6 S.W.3d 618, 624 (Tex. App.—Houston
[14th Dist.] 1999, orig. proceeding) (delay alone provides ample ground to deny
mandamus relief).

            In this
case, the State did not file its petition for writ of mandamus until more than
five months after respondent entered her order.  The record does not reveal a
justification for the State’s unexplained lengthy delay in seeking mandamus
relief.  By waiting more than five months to request mandamus relief, the State
has not diligently pursued its complaint to respondent’s order.  See Rivercenter,
858 S.W.2d at 367; In re Xeller, 6 S.W.3d at 624.  Therefore, we deny
mandamus relief to the State.

            The
State’s petition for writ of mandamus is denied.

 

                                                                                                PER
CURIAM       

                     
                                                           

July 8, 2010

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.

 









[1]The order was filed on January 21, 2010.





[2]The Texas Court of Criminal Appeals often looks to the
Texas Supreme Court decisions for guidance in mandamus cases.  See, e.g.,
State ex rel. Hill v. Pirtle, 887 S.W.2d 921, 926 (Tex. Crim. App. 1994,
orig. proceeding) (citing Callahan); Smith, 728 S.W.2d at 792
(citing Callahan); see also Perkins v. Court of Appeals for the Third
Supreme Judicial Dist. of Tex., at Austin, 738 S.W.2d 276, 285 (Tex. Crim.
App. 1987) (“[W]e look to the Supreme Court of Texas for guidance in this area
of the law.”).