*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-12-00025-CV

**IN RE** Vanessa and Joseph **RIVERA**

Original Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Phylis J. Speedlin, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  January 25, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On January 12, 2012, relators filed a petition for writ of mandamus and a request for emergency relief. However, for the foregoing reasons we deny the relief sought.

First, relators' complaint is that the trial court struck the jury demand on November 1, 2011. However, there is no order included in the record. Instead, relators refer the court to the trial court's notes in support of their complaint. The Texas Rules of Appellate Procedure require that the appendix include a certified or sworn copy of any complained-of order. *See* TEX. R. APP. P. 52.3(k)(1)(A). A copy of the judge's notes in place of an order is not sufficient. *See State v. Fuller*, No. 04-96-00898-CR, 1997 WL 136541, at \*1 (Tex. App.—San Antonio March 26, 1997, no writ) (providing that the judge's notes are for his or her own convenience and form

---

[1] This proceeding arises out of Cause No. 2011-PA-01591, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Solomon J. Casseb, III presiding. However, relators contend the Honorable Peter A. Sakai, presiding judge of the 225th Judicial District Court, Bexar County, Texas made the ruling complained of.

no part of the record); *First Nat. Bank v. Birnbaum*, 826 S.W.2d 189, 190 (Tex. App.—Austin 1992, no writ). In addition, relator has failed to comply with Rule 52.7(a)(2), which requires that the relator file with the petition a properly authenticated transcript of any relevant testimony from any underlying proceeding or a statement that no testimony was adduced in connection with the matter complained of. *See* TEX. R. APP. P. 52.7(a)(2).

Finally, mandamus is an extraordinary remedy, and its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). "One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Id*. (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (Tex. 1941)). Relators assert Judge Sakai ruled on November 1, 2011. However, relators did not file the petition for writ of mandamus until January 12, 2012 and seek to stay the trial set for January 17, 2012. Relators have failed to explain their delay in filing the petition for writ of mandamus and motion for emergency relief.

Accordingly, the petition for writ of mandamus and any emergency relief sought is DENIED WITHOUT PREJUDICE. TEX. R. APP. P. 52.8(a).

PER CURIAM