**DENIED and Opinion Filed April 10, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01462-CV

### IN RE CAROL M. KAM, Relator

**On Appeal from the Probate Court No. 3
Dallas County, Texas
Trial Court Cause No. PR-11-01368-3**

## MEMORANDUM OPINION
Before Justices Myers, Molberg, and Nowell
Opinion by Justice Nowell

Relator, Carol M. Kam, filed this petition for writ of mandamus on November 26, 2019, seeking to compel the respondent probate court judge to sign the associate probate judge's August 9, 2013 final judgment overruling her contest to her brother's will and October 16, 2013 order denying her motion for new trial and alternative motion to modify judgment.[1]  The petition was filed in response to a letter we sent questioning our jurisdiction over an appeal Kam filed in October 2019 requesting, in part, that we "issue a Writ of Mandamus to Force" the probate court judge to sign

---

[1] The contest and motion were also filed by Kam's nephew.  He is not a party to this proceeding.

the judgment and order. *See* TEX. GOV'T CODE ANN. §§ 54A.214(b), 54A.217(b) (together providing, in relevant part, that associate probate judge's judgment does not become judgment of referring court, and appellate deadlines are not triggered, until judge of referring court signs judgment). For the reasons that follow, we deny the petition.

A mandamus action may be proper when a trial court fails to rule on a pending matter within a reasonable amount of time. *See In re Shredder Co.*, L.L.C., 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). However, mandamus is an extraordinary remedy that issues not as a matter of right, but at the court's discretion and "largely" in accordance with equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Id.* (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W2d 793, 795 (1941)). Under this principle, a delay in filing a mandamus petition may result in the waiver of the right to relief unless the relator can justify the delay. *See id.*

Kam filed this petition more than six years after the associate judge signed the judgment and order denying a new trial and only after we questioned our jurisdiction over her appeal challenging the same judgment and order. She states in the petition that she has made "many efforts to date" to have the probate court judge sign the associate judge's judgment and order, but does not explain why she had not sought mandamus relief earlier. We conclude Kam's unexplained delay bars her right to

–2–

complain of the probate court judge's failure to sign the judgment and order. Accordingly, we deny her petition.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

191462F.P05