

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00060-CV
_____

**IN RE NORTH PLAINS ELECTRIC COOPERATIVE, INC., RELATOR**

---

Original Proceeding
Arising From Proceedings Before the 31st District Court
Hemphill County, Texas
Trial Court No. 7498; Honorable Steven R. Emmert, Presiding

---

April 15, 2021

## MEMORANDUM OPINION ON
## MOTION FOR TEMPORARY STAY OF TRIAL SETTING AND
## PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Relator, North Plains Electric Cooperative, Inc. (NPEC), seeks a temporary stay

from a May 3, 2021 trial setting in a negligence and trespass suit resulting from a March

6, 2017 prairie fire (the "2017 Perryton fire") that destroyed real and personal property belonging to the Real Parties in Interest (RPI).[1]

The motion for stay is accompanied by a petition for writ of mandamus seeking to compel the trial court to vacate two prior orders denying NPEC's motions to compel, one dated August 27, 2020, and the other dated December 17, 2020. By their response, the RPI assert the motion for stay is untimely. For the reasons set forth below, we agree with

---

[1] The *Petition for Writ of Mandamus* fails to consistently refer to the parties. In the "Identity of Parties and Counsel" section of the petition the "Real parties in Interest" are identified as follows:

> Jones Trust (BNSF Railway Company and U.S. Trust, as Trustee of the W.S. and E.C. Jones Lewis Humphrey Testamentary Trust); Bonds Ranch (Pete and Jo Bonds Family Partnership and John M. "Pete" Bonds, Individually and DBA Bonds Ranch); Erickson Ranch (John and Kristine Erickson and M-Cross Land & Cattle, LP); Ronald Brown (Ronald Brown and T.R. Land & Cattle, L.P.); Mays Trust (Stacy Mays Sharp as Managing Trustee of W.A. Mays and Agnes Mays Trust II (1-9)); Joe Magee (Joe L. Magee and Wagon Rod Cattle Co., Inc.); Humphreys Trust (Bank of America as Trustee of the Lewis Humphreys Charitable Trust); Jones Trust (Bank of America as Trustee of the W.S. and E.C. Jones Testamentary Trust); Peyton Entities (Peyton Ranch, LLC, Bailey Peyton, Cuatro Cattle Company, LLC, and Upland Resources, LLC); Steve Rader; Smith Oasis Ranch (Smith Oasis Cattle, Ltd., Smith Texas Farms, Ltd., and ODS-ACS, Properties, Ltd.); and Tubb Trust (Gary Tubb, Individually and Trustee of the Tubb Family Testamentary Trust, and David Tubb as Attorney in Fact for Pauline Tubb and as Trustee of the Tubb Family Testamentary Trust).

In the "Statement of the Case" section of the petition, NPEC refers to, but does not identify, the "Plaintiffs/Intervenors" as individuals and entities who own ranches and who have sued NPEC for negligence and trespass stemming from the 2017 Perryton fire. From the limited record before this court, the only active plaintiffs' pleading, *Plaintiffs' and Intervenors' Second Amended Petition,* identifies in its body those parties as follows:

> Steve Rader, BNSF Railway Company, Smith Oasis Cattle, Ltd., Smith Texas Farms, Ltd., ODS-ACS Properties, Ltd., Bank of America, N.A., as Trustee of the W.S. and E.C. Jones Testamentary Trust and the Lewis Humphrey Charitable Trust, Gary Tubb, Individually and as Trustee of the Tubb Family Testamentary Trust, David Tubb, as Attorney in Fact for Pauline Tubb and as Trustee of the Tubb Family Testamentary Trust, Peyton Ranch, LLC, Bailey Peyton, Cuatro Cattle Company, LLC, and Upland Resources, LLC (collectively "Plaintiffs").

Finally, the *Petition for Writ of Mandamus* further references "Ranch Owners," identifying them as the same parties previously identified as "Plaintiffs/Intervenors." The petition seeks mandamus relief in the form of an order to the trial court to "order the *Ranch Owners* to produce documents relevant to their claims for lost profits."

the RPI and deny NPEC's motion for a temporary stay. Furthermore, for the same reasons, we also deny NPEC's petition for writ of mandamus.

**BACKGROUND**

NPEC owns and operates an electrical distribution system headquartered in Perryton, Texas. As alleged in the underlying suit, which originated in October 2018, NPEC was negligent in maintaining a power pole that sparked and ignited the 2017 Perryton fire that burned approximately 320,000 acres of grassland across Ochiltree, Lipscomb, and Hemphill Counties. The fire was fatal to one person, killed numerous head of livestock, and destroyed fences, structures, and property, including miles of railroad tracks, resulting in economic damages, business interruption, and lost profits. On August 19, 2020, the RPI designated Ken Wendland as an expert to testify on the issue of economic damages. Since that date, NPEC has sought to compel the production of documentation it believes is essential to cross-examine Wendland regarding his damages opinions.

Between May and August 2020, NPEC deposed some of the RPI whose financial records and tax returns are at issue. According to NPEC, despite those depositions, certain discoverable information was not made available for inspection. Based on its position, NPEC filed a motion to compel production of tax returns and other financial records. After hearing the evidence and arguments of counsel, the trial court denied the motion on August 27, 2020. NPEC then filed a motion for reconsideration of its motion to compel, which the trial court again denied on December 17, 2020. By its December order, the trial court ordered that the RPI produce the expert's file on damages; however, it did not require the damages claimants to produce their income tax returns.

3

On February 10, 2021, NPEC requested Wendland's deposition on economic damages. That deposition was taken on March 2, 2021. Wendland was required to produce all documents he relied on to form his conclusions and opinions; however, certain documents, including tax returns, were still not produced on the basis that they were not relied on and did not contribute to the formation of his opinions.

On March 31, 2021, thirty-three days before the scheduled trial, NPEC filed its motion for stay and petition for writ of mandamus seeking the production of certain documents, insisting those documents were essential to its trial preparation on the issue of damages. In support of its petition for mandamus, NPEC also filed certain documents constituting its mandamus record. Those documents consist of a thirty-seven page petition, plus almost 550 pages of supporting documentation. In addition, the mandamus record consists of eleven volumes (one volume consisting of four parts), containing over 2,700 pages of declarations, affidavits, responses, photographs, maps, motions, and reports. Contributing to the urgency of an emergency order, in addition to the voluminous mandamus record, NPEC notes that a pretrial hearing is scheduled for April 27, 2021.

STANDARD OF REVIEW

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding). For mandamus to issue, a relator must show that (1) the trial court abused its discretion and (2) no adequate appellate remedy exists to cure the error. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a

4

relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

### ANALYSIS

Here, in response to the petition, the RPI assert they have devoted substantial time and expense to prepare for trial and will be prejudiced if the trial is delayed again. Furthermore, they contend that NPEC was unreasonable in waiting until March 31, 2021, to seek a stay of the May 3, 2021 trial setting. At the time NPEC filed this original proceeding, 216 days had passed since the trial court's August 27, 2020 order, and 104 days had passed since the December 17, 2020 order. According to the RPI, the underlying case has been set for trial five times (although the first four settings were postponed due to Covid-19 concerns).

The Texas Supreme Court has held that an extraordinary remedy, such as mandamus relief, will not be granted to litigants who "slumber on their rights" and then demand expedited relief. *In re Dorn*, 471 S.W.3d 823, 824 (Tex. 2015) (citing *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 795 (1941)). In support of the response, the RPI rely mostly on cases that hold that a delay in seeking mandamus relief can be sufficient to deny relief. *See In re Saldivar*, No. 13-17-00648-CV, 2017 Tex. App. LEXIS 11023, at *9 (Tex. App.—Corpus Christi Nov. 28, 2017, orig. proceeding) (citing *In re Int'l Profit Assocs.*, 274 S.W.3d 672, 676 (Tex 2009) (per curiam); *In re Boehme*, 256 S.W.3d 878, 887 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding)).

NPEC contends that cases relied on by the RPI that have found a delay in seeking mandamus relief but not temporary relief do not apply to its motion to stay the trial setting.

We disagree. *In re Saldivar* involved the filing of a petition for writ of mandamus as well as an opposed motion for temporary relief to stay a trial setting pending resolution of the petition for writ of mandamus. *In re Saldivar*, 2017 Tex. App. LEXIS 11023, at *1-2. Relying on *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993), the *Saldivar* Court simultaneously denied both the petition for writ of mandamus and the motion to stay the trial based on a delay in seeking relief. *See In re Saldivar*, 2017 Tex. App. LEXIS 11023, at *14 (citing *Rivercenter*, 858 S.W.2d at 367-68 (concluding that a four-month delay was sufficient to deny relief)). *See also In re Yamaha Golf-Car Co.*, No. 05-19-00292-CV, 2019 Tex. App. LEXIS 2798, at *4-5 (Tex. App.—Dallas April 8, 2019, orig. proceeding) (finding waiver through delay in waiting eight months to seek mandamus relief and filing petition three weeks before trial).

When, as here, a party files a motion that is denied by the trial court and then files a subsequent motion to reconsider the earlier motion, the delay in pursuing mandamus relief is measured from the original denial. *In re Saldivar*, 2017 Tex. App. LEXIS 11023, at *10. Thus, in the underlying case, the delay is measured from the trial court's order of August 27, 2020, a 216-day (seven-month) delay in seeking both a temporary stay and mandamus relief.

A tangential consideration in finding that NPEC's delay of almost seven months from the trial court's original denial of its motion to compel amounts to an essential waiver of its right to seek extraordinary relief is the voluminous record filed in this mandamus proceeding approximately one month before the trial setting. As previously noted, the petition for writ of mandamus and supporting exhibits is almost 600 pages and the mandamus record itself covers over 2,700 pages. Although NPEC includes record

6

refences in its petition, its delay in pursuing temporary relief and mandamus relief places this court in a precarious position with its own caseload and docket to manage. Under these circumstances, we find the almost seven-month delay in pursuing such an extraordinary remedy to be unreasonable. NPEC has not demonstrated its entitlement to mandamus relief.

### CONCLUSION

NPEC's motion for stay of the May 3, 2021 trial setting is denied. The petition for writ of mandamus is also denied.

Per Curiam