

# NUMBER 13-21-00456-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

## IN RE ROSA I. PEREZ

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Hinojosa, Tijerina, and Silva
### Memorandum Opinion by Justice Tijerina[1]

By petition for writ of mandamus, relator Rosa I. Perez asserts that the trial court abused its discretion by denying relator's motion for leave to designate David Oropeza as a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004.

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

remedy on appeal." *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion only if its decision is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 839; *see In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

Mandamus relief is available when a trial court abuses its discretion in denying a timely filed motion to designate a responsible third party. *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 526 (Tex. 2022) (orig. proceeding); *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 788 (Tex. 2020) (orig. proceeding) (per curiam). "In such cases, an adequate appellate remedy is ordinarily lacking because allowing a case to proceed to trial without a properly requested responsible-third-party designation 'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the relator's defense in ways unlikely to be apparent in the appellate record.'" *In re Mobile Mini, Inc.*, 596 S.W.3d at 788 (cleaned up) (quoting *In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017) (orig. proceeding) (per curiam)). Thus, "ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed [§] 33.004(a) motion." *In re Coppola*, 535 S.W.3d at 510.

Although mandamus "is not an equitable remedy, its issuance is largely controlled

by equitable principles. One such principle is that equity aids the diligent and not those who slumber on their rights." *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 42–43 (Tex. 2021) (orig. proceeding) (per curiam) (cleaned up) (quoting *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding); *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941) (orig. proceeding)). "Thus, a relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified." *In re Am. Airlines, Inc.*, 634 S.W.3d at 43; *see In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, Guadalupe Oropeza, Suleyma Oropeza, and Samantha Oropeza, and the applicable law, is of the opinion that relator has not met her burden to obtain extraordinary relief. The trial court denied relator's motion for leave to designate David Oropeza as a responsible third party on February 4, 2021. Relator filed a motion for rehearing of that decision on March 1, 2021. In an unsigned order dated March 18, 2021, the trial court ostensibly denied rehearing of relator's motion to designate. This original proceeding ensued on December 21, 2021. Relator offers no explanation or justification for the delay in filing this original proceeding. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8.

JAIME TIJERINA<br>
Justice

Delivered and filed on the
11th day of May, 2022.