

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00003-CV

---

IN RE MARTIN MARIETTA MATERIALS, INC., AND
ALEJANDRO GALLEGOS MEJORADO

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Martin Marietta Materials, Inc., and Alejandro Gallegos Mejorado (collectively Relators) have petitioned this Court for mandamus relief. Relators ask us to compel the Honorable Angela Saucier, presiding judge of the 76th Judicial District Court of Morris County, Texas, to vacate her order denying Relators' motion for protective order and to grant a protective order prohibiting any deposition questioning of Mejorado, except as to damages. We deny Relators' petition for a writ of mandamus.

The underlying cause of action is a personal injury suit filed against Relators as a result of a truck/automobile accident. After the real parties in interest sought to depose Mejorado, Relators filed, in December 2022, a motion for protective order to limit the scope of the deposition. On May 24, 2023, the trial court heard the parties' arguments and orally denied Relators' motion. The trial court entered its written order denying the motion on June 1, 2023. Relators filed their petition for a writ of mandamus on January 16, 2024.

"Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (citing *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941) (orig. proceeding)). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id.* (citing *Callahan*, 155 S.W.2d at 795). "One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Id.* (alteration in original) (quoting *Callahan*, 155 S.W.2d at 795). "Thus, a relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified." *In*

2

*re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (per curiam) (orig. proceeding) (citing *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (per curiam) (orig. proceeding)).

In *Rivercenter Associates*, the Texas Supreme Court denied mandamus because of an unjustified four-month delay by the relator. *Rivercenter Assocs.*, 858 S.W.2d at 367–68; *see In re Salton*, No. 04-10-00486-CV, 2010 WL 2782821, at *1 (Tex. App.—San Antonio 2010, orig. proceeding) (per curiam) (mem. op.) (mandamus denied because of unexplained seven-month delay). In this case, Relators waited seven and one-half months after their motion for a protective order was denied to file their mandamus petition, and the record does not show an explanation or justification for the delay. As a result, Relators have not demonstrated that they diligently pursued their rights. *See Rivercenter Assocs.*, 858 S.W.2d at 367.

We deny the petition for a writ of mandamus.

Charles van Cleef
Justice

Date Submitted:     March 11, 2024
Date Decided:       March 12, 2024

3