# NO. 12-24-00299-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JENNIFER ANN GEDDIE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Jennifer Ann Geddie filed this original proceeding to challenge Respondent's orders for death penalty sanctions.[1]  We deny the writ.

## BACKGROUND

In June 2023, Geddie sued Real Parties in Interest Favor Custom Homes, LLC and Roy John Clark for trespass, negligence, nuisance, damages, and injunctive relief based on RPIs' alleged alteration of the water flow on their property when constructing a home, which Geddie claimed created damage to her home and property.  RPIs filed a counterpetition for tortious interference with prospective business relationship, damages, and injunctive relief, alleging that Geddie trespassed onto their property and made "derogatory remarks in a loud and obnoxious manner" in front of potential home buyers. Geddie's counsel withdrew in October 2023.  On February 2, 2024, after a January 31 hearing at which Geddie failed to appear, Respondent granted RPIs' request to inspect Geddie's property.

On February 16, RPIs filed a motion for contempt, sanctions, and dismissal of Geddie's claims and defenses.  RPIs alleged that they sent discovery requests to Geddie on December 12,

---

[1] Respondent is the Honorable J. Clay Gossett, Judge of the 4th District Court in Rusk County, Texas.

2023, but the discovery packet was returned "unclaimed," and on January 11, 2024, they personally served the discovery on Geddie but received no response. According to RPIs, when Clark and the inspector arrived at Geddie's home to inspect the property in accordance with Respondent's order for inspection, Geddie failed to acknowledge their presence. RPIs asked that Respondent: (1) disallow any further discovery by Geddie; (2) charge all taxable court costs against Geddie; (3) order that the following facts be taken as established: Geddie continuously trespassed onto RPI's property, made derogatory remarks in a loud and obnoxious manner, and knowingly misrepresented the facts and circumstances of the alleged damages caused by the construction and the causes and results of the water run-off; (4) refuse to allow Geddie to support her claims for trespass, negligence and nuisance; (5) refuse to allow Geddie to oppose RPI's claims for tortious interference with prospective business relationship; (6) strike Geddie's live pleadings; (7) dismiss Geddie's petition with prejudice; (8) grant RPIs' request for permanent injunctive relief that Geddie stay off the property and refrain from engaging with RPIs, their agents, or prospective buyers; and (9) enter all orders in regard to Geddie's failure as the Court deems just. Geddie failed to appear at the March 7 hearing on RPIs' motion. Respondent granted the motion and awarded RPIs attorney's fees and expenses in the amount of $5,000. Respondent held a hearing on RPIs' counterclaim for tortious interference on March 20. Geddie again failed to appear. At the conclusion of the hearing, Respondent granted judgment on RPIs' counterclaim and awarded the amount of $41,213 in damages.

On March 26, Geddie, now represented by her original counsel, filed a motion to set aside the order granting RPIs' contempt motion. Geddie subsequently filed a certificate of written discovery reflecting that she served discovery responses on April 4. At a hearing on Geddie's motion to set aside, Geddie testified that she received mail from RPIs' counsel, but she thought it was junk mail and did not open it, she did not know who "he" (presumptively RPIs' counsel) was, and she thought the "whole thing had already been cancelled."[2] She testified that the only time she recalled hearing someone at her door is when someone delivered papers, specifically RPIs' discovery requests, to her home. Geddie claimed that she mailed her discovery responses to RPIs' counsel. She later answered the requests a second time with counsel's assistance. On cross-examination, she admitted sending a letter to RPIs' counsel, in

---

[2] RPIs sent documents directly to Geddie during the time she was unrepresented.

which she stated, "I do not understand why you are communicating with me." She testified to knowing who RPIs' counsel was at that time. She further testified that she did not appear for hearings because she felt she did no harm. Geddie denied knowing she needed to be in court for hearings. She explained, "I did not understand. I got the papers that had those dates on them, Okay. I got that. But I did not realize that there was a summons for me to have to be here." The paralegal for RPIs' counsel testified that Geddie's letter was the only document they ever received from Geddie.

The trial court denied Geddie's motion in part but granted the motion in part, withdrawing his order for damages and ordering the matter set for final hearing. This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding). When a trial court imposes sanctions that adjudicate a dispute by striking pleadings, dismissing an action, or rendering a default judgment, but do not result in rendition of an appealable judgment, the eventual remedy by appeal is inadequate. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991); *In re Key*, No. 12-17-00037-CV, 2017 WL 2351113, at *4 (Tex. App.—Tyler May 31, 2017, orig. proceeding) (mem. op.).

## ENTITLEMENT TO MANDAMUS RELIEF

Geddie contends that Respondent abused his discretion by ordering death penalty sanctions. In response, RPIs contend that Geddie waited too late to seek mandamus relief. We agree.

3

Mandamus is an extraordinary remedy and not an absolute right. *See **Rivercenter Assocs. v. Rivera***, 858 S.W.2d 366, 367 (Tex. 1993). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." ***Id***. "One such principle is that 'equity aids the diligent and not those who slumber on their rights.'" ***Id***. (quoting ***Callahan v. Giles***, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941)). When the record fails to show that the relator acted diligently to protect his rights, relief by mandamus is not available. *See **In re Hotze***, 627 S.W.3d 642, 646 (Tex. 2020) (orig. proceeding). "[U]nreasonable delay is calculated with reference to the mandamus petition's filing, not the issue that precipitated the request for a writ." ***In re Episcopal School of Dallas, Inc.***, 556 S.W.3d 347, 360 (Tex. App.—Dallas 2017, orig. proceeding); *see **In re AAA Brothers Holdings, LLC***, No. 12-23-00210-CV, 2023 WL 6631952, at *4 (Tex. App.—Tyler Oct. 11, 2023, orig. proceeding) (mem. op.). "An unexplained delay of four months or more can constitute laches and result in denial of mandamus relief." ***In re Webber, LLC***, No. 05-20-00564-CV, 2020 WL 3496279, at *1 (Tex. App.—Dallas June 29, 2020, orig. proceeding) (mem. op.).

Here, Respondent granted sanctions in an order signed March 7, 2024, held a hearing on March 20 at which he granted RPIs' damages, sent the parties a letter ruling on April 30 denying in part Geddie's motion to set aside and withdrawing the damages order, and signed an order on May 6 denying in part Geddie's motion to set aside. Geddie challenges the orders of March 7 and May 6, as well as the oral pronouncements made at the March 20 hearing. Although Geddie filed her motion to set aside on March 26, she did not file her petition for writ of mandamus until October 11, 2024, approximately seven months after the March order and March oral pronouncement, nearly six months after she learned of Respondent's ruling in the April 30 letter, five months after the May order denying in part her motion to set aside, and two weeks before the scheduled jury trial on RPIs' counterclaim. The record does not reveal a justification for this delay. *See **In re Am. Airlines, Inc.***, 634 S.W.3d 38, 43 (Tex. 2021) (per curiam) (orig. proceeding) ("a relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified"); *see also **In re J.A.L.***, 645 S.W.3d 922, 924 (Tex. App.—El Paso 2022, orig. proceeding) ("a court may properly deny mandamus relief when the record does not reveal a justification for the delay in filing a petition for writ of mandamus"); TEX. R. APP. P. 52 (generally, party seeking mandamus relief must bring forward all that is necessary to establish claim for mandamus relief).

4

By waiting seven months after sanctions were originally imposed and five months after the May order denying in part her motion to set aside, seeking mandamus relief a mere two weeks before trial, and failing to even address the delay, much less offer a justification, Geddie failed to act diligently to protect her rights. *See Rivera*, 858 S.W.2d at 367-68 (denying mandamus petition in light of relator's four-month delay in seeking relief); *see also In re BE&K Building Group, LLC*, No. 05-24-00754-CV, 2024 WL 3249079, at *1 (Tex. App.—Dallas July 1, 2024, orig. proceeding) (denying mandamus relief where relator waited almost five months after receipt of order before filing mandamus petition); *In re LaRock,* No. 12-24-00003-CV, 2024 WL 274996, at *2 (Tex. App.—Tyler Jan. 24, 2024, orig. proceeding) (mem. op.) (four-month delay waived right to mandamus relief); *In re Moss Concrete Constr. Co., Inc.*, No. 12-24-00004-CV, 2024 WL 274994, at *2 (Tex. App.—Tyler Jan. 24, 2024, orig. proceeding) (mem. op.) (mandamus waived by four to five month delay); *In re Strban*, No. 12-21-00049-CV, 2021 WL 2371418, at *7 n.8 (Tex. App.—Tyler June 9, 2021, orig. proceeding) (mem. op.) (review of certain orders waived where relator filed mandamus petition nine months after June 24 order, over seven months after August 6 order, and over four months after November 24 order); *In re Saldivar*, No. 13-17-00648-CV, 2017 WL 5760319, at *5-6 (Tex. App.—Corpus Christi Nov. 28, 2017, orig. proceeding) (mem. op.) (four-month delay waived right to mandamus relief). Accordingly, Geddie waived her right to mandamus relief. *See Hotze*, 627 S.W.3d at 646.

#### DISPOSITION

Having determined that Geddie waived any entitlement to mandamus relief, we ***deny*** the petition for writ of mandamus. We ***lift*** our stay of October 11, 2024.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 6, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 6, 2024**

**NO. 12-24-00299-CV**

**JENNIFER ANN GEDDIE,**
Relator
V.

**HON. JUDGE J. CLAY GOSSETT,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Jennifer Ann Geddie; who is the relator in appellate cause number 12-24-00299-CV and the plaintiff in trial court cause number 2023-121, pending on the docket of the 4th Judicial District Court of Rusk County, Texas. Said petition for writ of mandamus having been filed herein on October 11, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*