**Conditionally Grant and Opinion Filed May 13, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00765-CV

## IN RE PLAINSCAPITAL BANK, Relator

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-07601**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Carlyle, and Garcia[1]
Opinion by Justice Pedersen, III

Relator PlainsCapital Bank filed this mandamus action, contending that the trial court abused its discretion by signing its August 6, 2020 order granting the Motion to Remove this Case from the Court's Jury Docket and Re-Set it as a Non-Jury Trial (the "Motion") filed in the trial court by real parties in interest Stephen R. Herbel, B. Craig Webb, and Jerry Webb.[2] We conclude that rule 220 of the Texas

---

[1] The Honorable Justice Dennise Garcia succeeded the Honorable Bill Whitehill, a member of the original panel. Justice Garcia has reviewed the petition, the response and reply briefs, and the record before the Court.

[2] Jerry Webb filed the Motion in his individual capacity and as executor of the Estate of Patrick J. Mulligan; Mulligan, one of the original guarantors, passed away during this litigation.

Rules of Civil Procedure governs this issue and prevents the trial court from withdrawing real parties' jury demand in this case. We conclude that the trial court abused its discretion and that relator does not have an adequate remedy by appeal. Therefore, we conditionally grant the petition for writ of mandamus.

## Background

Relator made a multi-million-dollar loan to FR III Funding LLC ("FR III") in 2014; the loan was individually guaranteed by real parties and by David DeBerardinis, who also signed the loan agreement as the Manager of FR III. The loan agreement and all guaranties were amended in 2015 to increase significantly the amount borrowed. Ultimately, FR III defaulted on the loan, and relator sued it and all guarantors for the amount due. Over time, real parties filed cross-claims against FR III and DeBerardinis, third-party claims against a number of entities related to those cross-defendants, and counterclaims against relator.

The amended guaranties signed by real parties contain the following paragraph:

> Section 9.12. **Waiver of Jury Trial. BY HIS EXECUTION OF THIS GUARANTY, GUARANTOR HEREBY WAIVES HIS RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS GUARANTY OR ANY OF THE GUARANTEED DOCUMENTS OR DEALINGS WITH LENDER RELATING TO THE LOANS OR THE CREDIT AGREEMENT.** The scope of this waiver is intended to be all encompassing of any and all disputes that may be filed in any court and that relate to the subject matter of this transaction, including contract claims, tort claims, breach of duty claims, and all other common law and statutory claims. This waiver is a material inducement

to Lender as it enters into a business relationship with Guarantor; Lender has already relied on the waiver in entering into the Guaranteed Documents; and Lender will continue to rely on the waiver in its related future dealings with Guarantor. Guarantor having reviewed this waiver with his legal counsel, knowingly and voluntarily waives his jury trial rights following consultation with legal counsel. **THIS WAIVER IS IRREVOCABLE, MEANING THAT IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING, AND THE WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS TO EACH OF THE GUARANTEED DOCUMENTS.** In the event of litigation, this Guaranty may be filed as a written consent to a trial by before [sic] a judge sitting without a jury.

The amended loan agreement contains an essentially identical waiver of a jury trial by relator and FR III. Relator's original petition against FR III and the guarantors did not include a jury demand.

Real parties, on the other hand, demanded a jury when filing their July 2016 claims against FR III and DeBerardinis. Likewise, real parties included a jury demand when they filed their third-party claims in March 2017 and their counterclaims against relator in May 2017. The jury demand was repeated in each amended version of real parties' claims against each of these parties.[3] And on March 17, 2017, counsel for real parties sent a letter to the district clerk "requesting this case be added to the Court's docket for a jury trial and [] paying your fee regarding same." No party objected to the pleadings or correspondence demanding

---

[3] Our record contains excerpts from the real parties' Original Counterclaims Against PlainsCapital Bank and pleadings through their Fifth Amended Verified Cross-Claims and Second-Amended Third-Party Claims.

a jury or paying the jury fee. Beginning at least by June 7, 2018, the parties received notices from the court that the case was set on the jury trial docket.

The trial court ordered claims against FR III and DeBerardinis stayed on January 10, 2019, due to ongoing federal criminal litigation. Proceedings between relator and real parties continued, however, and the record indicates that the parties continued to plan for a jury trial. For example, relator moved to exclude an expert named by real parties. In their written response filed January 24, real parties assured the trial court that the witness's expertise would be "wildly useful to the jury." And at the hearing on the motion the next day, real parties' counsel referred repeatedly to the questions that would be posed to the jury and the matters the jury would decide in this case. On January 30, the court notified the parties once again that trial was set on the jury docket.

Some four-and-one-half months later, on June 14, 2019, real parties filed their Notice of Filing Pursuant to Paragraph 9.12 (the "Notice"), attaching the guaranties. As quoted above, paragraph 9.12 of the guaranties included the jury waiver and stated: "In the event of litigation, this Guaranty may be filed as a written consent to a trial by before [sic] a judge sitting without a jury." The Notice did not request any action by the trial court. Nevertheless, relator responded by filing—the same day—its own jury demand and fee. One month later, on July 17, 2019, the trial court again notified the parties that trial of the case was set on the jury docket and that the trial would proceed on December 9, 2019.

On August 2, 2019, real parties filed the Motion, seeking to have the case removed from the jury docket and reset as a non-jury trial. According to the Motion: "The rationale for this relief is simple: the written guaranty agreements upon which this case is based contain expansive jury waivers." Real parties' argument in the Motion, in its entirety, states:

> A jury waiver is enforceable in Texas when the waiver is made voluntarily, knowingly, and intelligently, with full awareness of the legal consequences. *See In re Prudential Ins. Co. of Amer.*, 148 S.W.3d 124 (Tex. 2004). So far, [relator] has not contended that any party entered into the jury waiver provision of the guaranty agreements involuntarily, unknowingly or unintelligently. Accordingly, this case must be tried to the Court.

In its response to the Motion, relator argued that the guaranty referred only to a waiver by real parties, so that relator retained its right to a jury trial. In addition, relator argued that rule 220 prohibited real parties' withdrawing their jury demand over relator's objection. The trial court granted the Motion, ordering the case to be removed from the jury docket and to be reset as a non-jury case.

This proceeding followed. Relator asks us to order the respondent, the Honorable Dale B. Tillery, to vacate his August 6, 2020 order and to reset this case for trial on the jury docket.

## Discussion

To obtain mandamus relief, relator must show that the trial court has clearly abused its discretion and that he has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus

–5–

review is appropriate to determine questions of entitlement to or waiver of jury trial. *Id.* at 138. More specifically, when a trial court abuses its discretion by improperly granting a motion to strike a jury demand, relator lacks an adequate remedy by appeal, and mandamus relief is available. *See id.* (concluding that "whether a pre-suit waiver of trial by jury is enforceable fits well within the types of issues for which mandamus review is not only appropriate but necessary").

*Rule 220*

The Texas Rules of Civil Procedure provide that "[w]hen any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested." TEX. R. CIV. P. 220. The record before us establishes that (1) real parties paid the fee for a jury trial, (2) real parties later attempted to withdraw the case from the jury docket, and (3) relator has objected to that withdrawal. Thus, absent some valid reason why rule 220 should not apply, its terms are satisfied, and we must grant the petition. *In re Prudential Ins. Co.*, 148 S.W.3d at 135 (trial court has no discretion in determining what law is or applying law to facts).

*The Contractual Jury Waivers*

In this Court, real parties repeat that the guaranties contain "a wide-ranging waiver of any jury trial." Moreover, they argue, relator's loan agreement with FR III also includes a waiver of jury trial that should bind relator. Real parties contend that

the very existence of these contractual waivers means that the parties' disagreements cannot be tried by a jury. We disagree.

At the outset, we stress that the issuance of mandamus is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (citing *Callahan v. Giles,* 155 S.W.2d 793, 795 (Tex. 1941)). "One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Id.* (quoting *Callahan*, 155 S.W.2d at 795). Any contractual right can be waived. *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008). Litigation conduct can effect such a waiver if "the party's conduct—action or inaction—clearly demonstrates the party's intent to relinquish, abandon, or waive the right at issue." *LaLonde v. Gosnell*, 593 S.W.3d 212, 219–20 (Tex. 2019). We acknowledge that "[t]his is a high standard." *Id.* at 220. But a party's express renunciation of a known right establishes waiver. *See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996).

In this case, real parties expressly renounced their contractual right to a non-jury trial when they repeatedly demanded a jury and paid the jury fee. Having done so, they cannot ask this Court to enforce that contractual right by mandamus. Relator was entitled to rely upon real parties' conduct. *See Trejo v. Huy*, No. 05-14-00310-CV, 2015 WL 4109989, at *2 (Tex. App.—Dallas July 8, 2015, pet. denied) (mem. op.) (opposing party may rely on another party's jury demand when demand is made and fee is paid; citing TEX. R. CIV. P. 220). And the record establishes that relator

–7–

did rely on real parties' conduct: relator never objected to real parties' jury demands, and when real parties first indicated the possibility of asserting their contractual right by filing the Notice, relator immediately filed its own jury demand and fee.

Real parties contend that the guaranties' language forbidding revocation and modification of the jury waivers forecloses any possibility of a jury trial. Again, we disagree. This case does not involve any changes to the contract itself; there is no issue of a party's attempting to revoke or to modify its agreement found in paragraph 9.12. Instead, the issue before us is whether real parties may enforce the jury waivers in that paragraph or whether, given their conduct, real parties have waived that right to enforce the contractual provision. The Texas Supreme Court has explained that our state's strong policy of freedom of contract means not only that "individuals can control their destiny and structure their business interactions through agreements with other competent adults" but also that "'any competent adult can abandon a legal right and if he does so then he has lost it forever.'" *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 482 (Tex. 2017) (citing *In re Prudential Ins. Co.*, 148 S.W.3d at 129, and quoting 13 WILLISTON ON CONTRACTS § 39:14 (4th ed. 2013)). The *Shields* court went on to affirm that even "a party's rights under a nonwaiver provision may indeed be waived expressly or impliedly." *Id.* at 482–83.

We conclude that real parties have waived their right to enforce their contractual jury waivers by mandamus. Thus, the contractual jury waivers cannot defeat application of rule 220.

*Proper Placement on the Jury Docket*

Real parties also argue that rule 220 does not apply in this case because the case was never "properly" placed on that docket. They acknowledge that the rule "operates to protect a properly perfected jury demand" but contend that it "*does not* protect an invalid, unenforceable, or unperfected jury demand such as the one here." We have concluded that real parties could waive their right to enforce the contractual jury waivers by renouncing that right and demanding a jury trial. Real parties have directed us to no authority, and we have found none, that concludes a contractual jury waiver renders a voluntary jury demand void. Thus, real parties' repeated jury demands were not invalid or unenforceable.

Nor were those demands unperfected. To exercise the right to a trial by jury, a civil litigant must file a written demand and pay the required jury fee within a reasonable time before the case is set for non-jury trial. TEX. R. CIV. P. 216. Compliance with rule 216 perfects a jury demand. *Citizens State Bank of Sealy, Tex. v. Caney Invs.*, 746 S.W.2d 477, 478 (Tex. 1988) (bank perfected right to jury trial by filing demand for jury trial and tendering jury fee in accordance with rule 216); *Grocers Supply, Inc. v. Cabello*, 390 S.W.3d 707, 728 (Tex. App.—Dallas 2012, no pet.). Once a jury demand is perfected, the opposing party may rely on those actions, and the trial court may not remove the case from the jury docket over the objections of the opposing party. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) (citing TEX. R. CIV. P. 220).

In this case, the record establishes that real parties perfected their jury demand on February 15, 2017, when their counsel filed a letter to the district clerk stating: "I am hereby requesting this case be added to the Court's docket for a jury trial and am paying your fee regarding same." *See* TEX. R. CIV. P. 216.

We conclude that real parties' jury demand was both valid and perfected and that this case was properly placed on the jury docket. Accordingly, that demand invoked the application of rule 220.

### Conclusion

We conclude that the trial court abused its discretion by removing this case from the jury docket over relator's objection. *See* TEX. R. CIV. P. 220. We conclude further that relator lacks an adequate remedy by appeal if forced to try this case without a jury. *See In re Prudential Ins. Co.*, 148 S.W.3d at 138. We conditionally grant relator's petition, and we direct the trial judge to vacate his order of August 6, 2020, to deny real parties' Motion, and to return this case to the jury trial docket. We are confident he will promptly comply. Our writ will issue only if he does not.

200765f.p05

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE