# NO. 12-23-00210-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *AAA BROTHERS HOLDINGS, LLC AND TRI-STATE TRUCKING, LLC,* | § | *ORIGINAL PROCEEDING* |
| | § | |
| *RELATORS* | | |

## *MEMORANDUM OPINION*

Relators, AAA Brothers Holdings, LLC (AAA) and Tri-State Trucking, LLC (Tri-State), filed this original proceeding to challenge Respondent's denial of their motion to transfer venue.[1] We conditionally grant the writ.

## BACKGROUND

This proceeding arises out of a motor vehicle collision that occurred on February 20, 2018, in Mitchell County, Texas. It is alleged that Skyler Anderson rearended a tractor trailer driven by Oscar Garcia and Skyler's pickup truck remained disabled in the right lane of traffic. Garcia moved onto the shoulder. The two men exited their vehicles. It is further alleged that Maximo Chavira Castillo, driving a tractor trailer, struck the two men, injuring Garcia and killing Skyler. Another driver, Richard Clayton, attempted to take evasive action but crashed.

---

[1] Respondent is the Honorable Jerald (Dean) Fowler, II, Judge of the 115th District Court in Upshur County, Texas. Real Parties in Interest include (1) Tiffany Anderson, as representative of the Estate of Skyler Anderson and as parent and next friend of L.A., W.A., B.A., and J.A., minor children, (2) Frank and Kimberly Anderson, (3) Ynunen A. Abshagen, as personal representative of the Estate of Oscar Garcia, (4) Ana Karen Chavira, Miguel Chavira, and Jesus Chavira, as personal representatives and heirs of the estate of Maximo Chavira Castillo, and (5) Jessica Questa, as parent and next friend of H.M., minor child. Abshagen and Questa filed a joint mandamus response and Tiffany, Frank, and Kimberly Anderson filed a joint mandamus response. This Court received no other responses.

On July 9, Clayton sued Skyler's Estate and Skyler's wife Tiffany Anderson in Mitchell County. He alleged that Skyler was driving Tiffany's pickup truck when he collided with Garcia's tractor trailer, Skyler was negligent, and Tiffany was negligent by entrusting her vehicle to Skyler. His petition states that venue is proper in Mitchell County because the incident occurred there.

On August 3, Garcia sued Castillo, AAA, and Tri-State for negligence arising out of the February collision. He filed suit in El Paso County, Texas, alleging that "one or more of the natural person Defendants" resided there, specifically, Castillo. The record demonstrates that Castillo died in a subsequent, unrelated accident. Relators designated Skyler's estate and Tiffany individually as third-party defendants. Both Relators and Tiffany filed motions to transfer venue to Mitchell County. On January 11, 2019, the El Paso County trial court signed an agreed order granting the motions to transfer venue and ordering that the case be transferred to Mitchell County. Counsel for Relators, Garcia, and Tiffany all agreed and approved the order.

Garcia subsequently filed a notice of nonsuit in both Mitchell County and El Paso County as to Castillo, AAA, and Tri-State. On August 8, Garcia sued Tiffany, as representative of Skyler's estate, for negligence in Upshur County, Texas. Garcia alleged that venue was proper in Upshur County because the Andersons resided there when the cause of action accrued, and Skyler's estate was pending in Upshur County. Tiffany, individually, as representative of Skyler's estate, and as parent and next friend of their children, filed an answer and third-party petition, asserting that the incident was caused by the negligence of AAA, Tri-State, and Castillo. Skylar's parents, Frank and Kimberly Anderson, intervened in the lawsuit. The petition alleged that Castillo was driving a truck owned by Relators at the time of the collision, but because Castillo was deceased, Tiffany added Castillo's heirs, Ana Karen Chavira, Miguel Chavira, and Jesus Chavira, as third-party defendants. Tiffany alleged negligence and gross negligence against Castillo, AAA, and Tri-State. In October, Garcia filed an amended petition adding negligence claims against Relators and Castillo's three heirs. Jessica Questa, as parent and next friend of her minor child with Skyler, filed a petition in intervention, alleging negligence and gross negligence claims against Castillo and Relators. Garcia died sometime during the litigation and on January 21, 2021, his wife Ynunen A. Abshagen, as Garcia's personal representative, filed an amended petition.

2

Relators filed motions to transfer, objecting to venue in Upshur County, asserting that venue was conclusively established and fixed in Mitchell County, and specifically denying the venue facts alleged by plaintiff, third-party plaintiffs, and intervenors. Respondent denied Relators' motions on July 25, 2023. Relators filed this original proceeding on August 18, and this Court granted their request for a stay of the underlying proceedings pending further order of this Court.

Relators and Tiffany, Frank, and Kimberly Anderson subsequently informed this Court that they reached a settlement of the claims between them.[2] All other parties and claims remain.

## AVAILABILITY OF MANDAMUS

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion by failing to analyze or apply the law correctly. *Id*. As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *Id*. at 837.

## TIMELINESS OF MANDAMUS PETITION

Abshagen and Questa raise challenges to the timeliness of Relators' mandamus petition.[3]

**Section 15.0642**

Abshagen and Questa argue that this proceeding is untimely under Section 15.0642 of the Texas Civil Practice and Remedies Code, which provides as follows:

> A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter. An application for the writ of mandamus must be filed before the later of:

---

[2] Because their claims are settled, we will not address the arguments presented in the joint brief filed by the Andersons.

[3] Abshagen and Questa also contend that Relators failed to comply with appellate Rule 52.3(k)(1)(A). *See* TEX. R. APP. P. 52.3(k)(1)(A) (appendix must contain a certified or sworn copy of any order complained of, or any other document showing the matter complained of). Relators have since remedied this defect.

3

(1) the 90th day before the date the trial starts; or

(2) the 10th day after the date the party receives notice of the trial setting.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2017). Abshagen and Questa acknowledge that Relators do not use the word "mandatory" in their petition but contend that they make an argument for mandatory venue; specifically, that Relators' reliance on the "one venue determination rule" and *In re Team Rocket, L.P.*, 256 S.W.3d 257 (Tex. 2008) (orig. proceeding) constitutes a mandatory venue argument. They further argue that "Relator[s] must rely on an argument for mandatory venue because courts do not generally review permissive venue by mandamus." Thus, they maintain that Section 15.0642 applies and renders Relators' petition untimely.

"Proper venue" means: (1) venue required by the mandatory provisions of Chapter 15, Subchapter B or another statute prescribing mandatory venue; or (2) if Subdivision (1) does not apply, the venue provided by Chapter 15, Subchapter A or Subchapter C. *Id.* § 15.001(b) (West 2017). Subchapter B sets forth several types of lawsuits to which mandatory venue provisions apply and adds a provision for "other mandatory venue," meaning "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *Id.* §§ 15.011-.020 (West 2017) (land, landlord-tenant, injunction against suit, injunction against execution of judgment, head of state department, counties, certain political subdivisions, other mandatory venue, libel, slander, or invasion of privacy, Federal Employers' Liability Act, Jones Act, inmate litigation, major transactions: specification of venue by agreement). The lawsuit at hand involves none of the types of actions described in Subchapter B's mandatory venue provisions. Neither Relators nor Real Parties in Interest cite this Court to any other mandatory venue provision that may apply. This proceeding is simply not encompassed within the plain language of Subchapter B's mandatory venue provisions.

Additionally, in *Team Rocket* the Texas Supreme Court addressed "whether a plaintiff who was denied his initial venue of choice can nonsuit his case in the transferee county and refile in a third county." *Team Rocket, L.P.*, 256 S.W.3d at 258. In concluding that a plaintiff cannot avoid a venue ruling in such a way, the Supreme Court agreed with Team Rocket's argument that "only one venue determination may be made in a proceeding and that Texas Rule of Civil Procedure 87 specifically prohibits changes in venue after the initial venue ruling," holding that:

4

Reading Section 15.064 of the Texas Civil Practice and Remedies Code and Rule 87 together, we conclude that once a venue determination has been made, that determination is conclusive as to those parties and claims. Because venue is then fixed in any suit involving the same parties and claims, it cannot be overcome by a nonsuit and subsequent refiling in another county.

*Id.* at 258–60; TEX. CIV. PRAC. & REM. CODE ANN. § 15.064 (West 2017) (governing venue hearings). The Supreme Court further addressed the adequacy of an appellate remedy under such circumstances, recognizing that appellate courts do not generally grant mandamus relief for venue determinations absent extraordinary circumstances. *Team Rocket, L.P.*, 256 S.W.3d at 262-63. In concluding that Team Rocket had no adequate remedy by appeal, the Supreme Court explained, "We have granted mandamus relief in the context of Rule 87 venue rulings where, as here, the trial court made no effort to follow the rule." *Id*. at 262. Thus, a plain reading of *Team Rocket* demonstrates that the "one venue determination" is subject to mandamus review under extraordinary circumstances. *Team Rocket* does not foreclose Relators from seeking review of Respondent's venue ruling in this case. *See id*.; *see also In re Signature Care Emergency Ctr.*, 665 S.W.3d 150, 163-64 (Tex. App.—Corpus Christi 2023, orig. proceeding) (appeal inadequate remedy for review of one venue determination); *see generally In re Metro. Prop. & Casualty Ins. Co.*, No. 12-18-00100-CV, 2018 WL 2440461, at *2 (Tex. App.—Tyler May 31, 2018, orig. proceeding) (mem. op.) (quoting *Team Rocket* and recognizing that "mandamus review of permissive venue determinations is appropriate only in 'extraordinary circumstances'"). Because Relators are not asserting mandatory venue, their petition is not untimely for purposes of Section 15.0642.

**Delay**

Abshagen and Questa further contend that Relators provide no explanation for their delay in seeking mandamus relief. Specifically, they maintain that Relators waited years to request rulings on their venue motions and could have sought mandamus relief with respect to Respondent's failure to rule on the motions.

Mandamus is an extraordinary remedy and not an absolute right. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id*. "One such principle is that 'equity aids the diligent and not those who slumber on their rights.'" *Id*. (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941)). When the record fails to show that the

5

relator acted diligently to protect his rights, relief by mandamus is not available. *In re Hotze*, 627 S.W.3d 642, 646 (Tex. 2020) (orig. proceeding).

On September 18, 2019, Relators filed a motion to transfer venue. The record contains a notice of hearing from Relators that set November 26 as the date for hearing on this motion. It appears this hearing did not occur. Relators filed another motion to transfer and a supplemental motion on October 30. An amended notice of hearing shows that these motions were set for a hearing on January 29, 2020. According to Relators, Respondent met with the parties in his chambers that day and, pursuant to the agreement of counsel, took the motions on submission without an oral hearing. Nearly two years later, on January 26, 2022, Relators' counsel sent a letter to the Upshur County District Clerk and court coordinator requesting a ruling and order on the three venue motions. On February 10, Relators filed a request for rulings on their motions. AAA filed a motion for summary judgment, subject to its motion to transfer venue, on March 23. On January 19, 2023, the parties signed an agreed amended scheduling order, which set a trial date of October 9, 2023. On February 14, AAA filed an amended traditional summary judgment motion subject to its motion to transfer venue and a second amended motion on June 21. Respondent held a motions hearing on July 25, at which Relators' counsel informed Respondent that no order had been signed on the motions to transfer venue. Respondent stated that a docket entry showed that a motion to transfer was denied on February 14, 2022, but acknowledged that no order had been signed, "nothing has happened until an order is entered," and "it doesn't mean anything until I sign an order."[4] Relators' counsel expressed unawareness of the docket entry or a ruling on the motion. Respondent signed an order denying the motions to transfer venue that same day.

Relators should have been more diligent in pursuing a ruling on their motions, particularly in the two years following the in-chambers meeting. However, "a relator who

---

[4] We note that docket entries form no part of the record which may be considered; a docket entry is merely a memorandum made for the trial court's and clerk's convenience. *In re DeMattia*, No. 05-21-00460-CV, 2021 WL 5480680, at *1 (Tex. App.—Dallas Nov. 23, 2021, orig. proceeding) (mem. op.). "For a docket sheet to constitute an order of the court, there must be some indication in the record that the trial judge did not intend to enter a formal order but instead intended to rely on the docket entry as the sole judgment or decree of the court." *Id*. "Such circumstances might be present where the trial court announces its decision in open court while calling the attention of the parties to the docket entry or formally files the docket entry with the clerk as the trial court's judgment." *Id*. This Court is unaware of any such circumstances in the present case. Based on the record before us, it appears that Respondent did not direct the parties to the docket entry until the hearing on July 25, 2023 and, even then, acknowledged the absence of a written order.

6

unduly or unreasonably delays *filing a petition for mandamus relief* may waive its right to such relief unless the delay is justified." ***In re Am. Airlines, Inc.***, 634 S.W.3d 38, 43 (Tex. 2021) (orig. proceeding) (per curiam) (emphasis added). Thus, "unreasonable delay is calculated with reference to the mandamus petition's filing, not the issue that precipitated the request for a writ." ***In re Episcopal School of Dallas***, *Inc.* 556 S.W.3d 347, 360 (Tex. App.—Dallas 2017, orig. proceeding). Accordingly, we measure the issue of delay between Respondent's July 25, 2023, order and the filing of the mandamus petition. *See **Am. Airlines, Inc.***, 634 S.W.3d at 43 (considering delay between order compelling deposition and mandamus filing); *see also **In re Five Star Global, LLC***, No. 05-22-00153-CV, 2022 WL 3354136, at *4 (Tex. App.—Dallas Aug. 15, 2022, orig. proceeding) (mem. op.) (rejecting unreasonable delay argument, noting that delay was measured between denial of relator's reconsideration motion and filing of mandamus petition); ***In re Runnels***, No. 12-21-00076-CV, 2021 WL 2182315, at *2 (Tex. App.—Tyler May 28, 2021, orig. proceeding) (per curiam) (mem. op.) (when determining unreasonable delay, considering time between date of complained-of orders and date of mandamus petition's filing). Relators filed their mandamus petition less than a month after Respondent signed the order denying the venue motions. Thus, we reject Abshagen's and Questa's unreasonable delay argument.

## ADEQUATE REMEDY

Rule 87 of the Texas Rules of Civil Procedure provides as follows:

> If venue has been sustained as against a motion to transfer, or if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered regardless of whether the movant was a party to the prior proceedings or was added as a party subsequent to the venue proceedings, unless the motion to transfer is based on the grounds that an impartial trial cannot be had under Rules 257-259 or on the ground of mandatory venue, provided that such claim was not available to the other movant or movants.

TEX. R. CIV. P. 87(5). Once a venue determination is made, that "determination is conclusive as to those parties and claims." ***Team Rocket, L.P.***, 256 S.W.3d at 260. "Because venue is then fixed in any suit involving the same parties and claims, it cannot be overcome by a nonsuit and subsequent refiling in another county." *Id.* This rule is commonly referred to as the "one venue determination."

7

Generally, no interlocutory appeals are permitted from a trial court's venue determination. *See* ***Fortenberry v. Great Divide Ins. Co.***, 664 S.W.3d 807, 811 (Tex. 2023); TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a); TEX. R. CIV. P. 87(6). Section 15.003(b) provides an exception to the general rule, allowing interlocutory appeals for venue determinations in cases involving multiple plaintiffs. ***UPS Ground Freight, Inc. v. Trotter***, 606 S.W.3d 781, 786 (Tex. App.—Tyler 2020, pet. denied); TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a)-(b) (West 2017). Specifically, Section 15.003 provides that:

> An interlocutory appeal may be taken of a trial court's determination under Subsection (a) that:
>
> > (1) a plaintiff did or did not independently establish proper venue; or
> >
> > (2) a plaintiff that did not independently establish proper venue did or did not establish the items prescribed by Subsections (a)(1)-(4).

TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b). One appellate court explained that Section 15.003(b)'s use of the word "may" reflects that, because a venue ruling may be challenged on direct appeal, Section 15.003(b) is not the "sole means through which a party may challenge the trial court's ruling on the motion to transfer venue." ***Bayer Crop Science, LP. v. Andy Timmons, Inc.***, No. 09-22-00204-CV, 2022 WL 16993420, at *3 (Tex. App.—Beaumont Nov. 17, 2022, no pet.) (mem. op.).[5]

The proceeding before us involves more than one "plaintiff," namely (1) Abshagen, as Garcia's personal representative, (2) Questa, as parent and next friend of her child (3) Tiffany Anderson, individually, as representative of Skyler's estate and as next friend of her children, as well as Frank and Kimberly Anderson (as to their claims against Castillo's heirs). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a) ("In a suit in which there is more than one plaintiff,

---

[5] The appellate court said the same of Section 15.0642 regarding mandamus and mandatory venue:

> Sections 15.003(b) and 15.0642 provide different procedural vehicles for an expedited review of a venue ruling. Section 15.003(b) neither refers to nor excepts section 15.0642 and section 15.0642 neither refers to nor excepts section 15.003(b). Neither section states that it provides an exclusive remedy. Since a venue ruling may be challenged on direct appeal following a trial on the merits, neither statute provides the sole means through which a party may challenge the trial court's ruling on the motion to transfer venue. We conclude that in a multiple-plaintiff case where the defendant moves to transfer the case to a county of mandatory venue, both statutes may apply but one is not exclusive of the other.

***Bayer Crop Science, LP. v. Andy Timmons, Inc.***, No. 09-22-00204-CV, 2022 WL 16993420, at *3 (Tex. App.—Beaumont Nov. 17, 2022, no pet.) (mem. op.) (internal citations omitted). As previously discussed, mandatory venue is not at issue here.

*whether the plaintiffs are included by joinder, by intervention, because the lawsuit was begun by more than one plaintiff, or otherwise*, each plaintiff must, independently of every other plaintiff, establish proper venue") (emphasis added). Thus, Relators could have filed an interlocutory appeal to challenge Respondent's denial of their motions to transfer venue. *See id.* § 15.003(b); *see also Trotter*, 606 S.W.3d at 786 (interlocutory appeal available under Section 15.003 because case involved multiple plaintiffs). Rather than filing a notice of interlocutory appeal within twenty days after the trial court signed its order denying the motion to transfer, Relators filed this petition for writ of mandamus. *See* TEX. R. APP. P. 26.1(b) ("in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed[ ]"); *see also In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (in an accelerated appeal, absent a motion for extension of time, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions, and a post-judgment motion or request for findings of fact and conclusions of law will not extend that deadline).

Nevertheless, the "one venue determination" rule is subject to mandamus review under extraordinary circumstances. *See Team Rocket, L.P.*, 256 S.W.3d at 262; *see also Metro. Prop. & Casualty Ins. Co.*, 2018 WL 2440461, at *2. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. "The operative word, 'adequate', has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Id*. If the benefits outweigh the detriments, an appellate court must consider whether the appellate remedy is adequate. *Id*. This determination is not an abstract or formulaic one; it is practical and prudential. *Id*. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. *Id*. "As a selective procedure, mandamus can correct clear errors in exceptional cases and afford appropriate guidance to the law without the disruption and burden of interlocutory appeal." *Id*. at 138.

In **Team Rocket**, the Texas Supreme Court explained that "venue statutes create a balance: a plaintiff has the first choice of venue when he files suit, and a defendant is restricted to one motion to transfer that venue." **Team Rocket, L.P.**, 256 S.W.3d at 262. There, the Harris County trial court granted Team Rocket's motion to transfer venue to Williamson County, but the plaintiffs defied the Harris County court's venue ruling by nonsuiting and refiling in Fort Bend County, which disrupted that balance in their favor and impaired Team Rocket's procedural rights. *Id*. Additionally, **Team Rocket** involved a legal issue, i.e., the construction of Texas venue statutes and related rules in the context of voluntary nonsuit, that was likely to recur. *Id*. The Supreme Court explained that although appellate courts do not generally grant mandamus relief "for venue determinations absent extraordinary circumstances, we have granted mandamus relief when the trial court issued an improper order transferring venue that 'wrongfully burdened fourteen other courts in fourteen other counties, hundreds of potential jurors in those counties, and thousands of taxpayer dollars in those counties.'" *Id*. (quoting **In re Masonite Corp.,** 997 S.W.2d 194, 197 (Tex. 1999)). When a trial court improperly applies the venue statute and issues a ruling that "permits a plaintiff to abuse the legal system by refiling his case in county after county, which would inevitably result in considerable expense to taxpayers and defendants, requiring defendants to proceed to trial in the wrong county is not an adequate remedy." *Id*. Thus, "extraordinary relief can be warranted when a trial court subjects taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials." *Id*. The Supreme Court also recognized having granted mandamus relief in the context of Rule 87 venue rulings when the trial court made no effort to follow the rule. *Id*. But the plaintiffs defied the Harris County trial court's venue order by attempting to have another court revisit the question of venue, which had already been decided. *Id*. at 262-63. Thus, "[t]o say that the Fort Bend County trial court, which violated statutory venue procedure and Rule 87(5), committed reversible error while declining to correct the injustice would compromise the integrity of the venue statute and result in an irreversible waste of resources." *Id*. at 263.

As in **Team Rocket**, Garcia nonsuited his case against Relators in Mitchell County after the El Paso court's venue ruling in favor of Mitchell County. Yet, he proceeded to file suit in Upshur County. Such action impairs Relators' procedural rights. *See id.* at 262; *see also* **Prudential Ins. Co. of Am.**, 148 S.W.3d at 136; **Signature Care Emergency Ctr.**, 665 S.W.3d at 164 (pretrial court improperly applied venue statute by allowing multiple venue proceedings in

10

violation of relators' procedural rights); *In re Lowe's Home Ctrs., LLC*, 531 S.W.3d 861, 875 (Tex. App.—Corpus Christi 2017, orig. proceeding) (plaintiffs' filing of separate suit in another county impaired Lowe's procedural rights to defend against only one lawsuit in the venue in which plaintiffs first chose to file suit). Moreover, this proceeding involves the same type of legal issue as that in *Team Rocket* - the construction of Texas venue statutes and related rules in the context of voluntary nonsuit, that is likely to recur. *See Team Rocket, L.P.*, 256 S.W.3d at 262; *see also Prudential Ins. Co. of Am.*, 148 S.W.3d at 136; *Signature Care Emergency Ctr.*, 665 S.W.3d at 164 (noting "concept that only one venue determination may generally be made in a single proceeding and that changes in venue are prohibited after the initial ruling has been repeatedly litigated in Texas courts"); *Lowe's Home Ctrs., LLC*, 531 S.W.3d at 875 (recognizing that "issue of venue following a nonsuit is likely to recur"). Finally, forcing Relators to proceed in the incorrect county would result in an irreversible waste of resources. *See Team Rocket, L.P.*, 256 S.W.3d at 263; *see also Prudential Ins. Co. of Am.*, 148 S.W.3d at 136; *Signature Care Emergency Ctr.*, 665 S.W.3d at 164–165; *Lowe's Home Ctrs., LLC*, 531 S.W.3d at 875–76. For these reasons and based on *Team Rocket*, we conclude that mandamus review is appropriate. *See Signature Care Emergency Ctr.*, 665 S.W.3d at 165 (following *Team Rocket* and concluding appeal inadequate remedy for review of venue ruling in multiple plaintiff case).

## ABUSE OF DISCRETION

Relators maintain that the El Paso court's venue ruling conclusively fixed venue in Mitchell County and that a subsequent non-suit and refiling in another county cannot undo that venue determination.[6] Abshagen and Questa do not respond to this contention.

Under the general venue rule, a lawsuit shall be brought: (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person; (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or (4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action. TEX. CIV. PRAC. & REM. CODE ANN. §

---

[6] Relators also sought a transfer of the case from Upshur County for convenience. They do not reassert that contention in this proceeding.

15.002(a) (West 2017). And Section 15.031 states, in pertinent part, that if the suit is against an executor, administrator, or guardian growing out of a negligent act or omission of the person whose estate the executor, administrator, or guardian represents, the suit may be brought in the county in which the negligent act or omission of the person whose estate the executor, administrator, or guardian represents occurred. *Id*. § 15.031 (West 2017). In a multi-plaintiff suit, each plaintiff must, independently of every other plaintiff, establish proper venue. *Id*. § 15.003(a).

The plaintiff gets the first choice of venue by filing suit. *Team Rocket, L.P.*, 256 S.W.3d at 259. If the plaintiff establishes proper venue against a defendant, the court also has venue of all defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences. TEX. CIV. PRAC. & REM. CODE ANN. § 15.005 (West 2017). A defendant "may challenge that venue selection, and a court must 'transfer an action to another county of proper venue if ... the county in which the action is pending is not a proper county.'" *Team Rocket, L.P.*, 256 S.W.3d at 259 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 15.063(1) (West 2017)). But "a final determination fixing venue in a particular county must [] be protected from relitigation." *Id*. at 260. Once a venue determination has been made, that determination is conclusive as to those parties and claims and cannot be overcome by a nonsuit and subsequent refiling in another county. *Id*.; *see* TEX. R. CIV. P. 87(5) ("If venue has been sustained as against a motion to transfer, or if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered…"); *Fincher v. Wright*, 141 S.W.3d 255, 264 (Tex. App.—Fort Worth 2004, no pet.) ("While on its face rule 87(5) appears to apply only to venue determinations by the same trial court in the same case, the same principle should apply to prohibit a subsequent trial court—in a case involving the same parties and claims—from making its own venue determination independently of the first court"). A contrary conclusion would allow forum shopping, which the Texas Supreme Court has repeatedly prohibited. *Team Rocket, L.P.*, 256 S.W.3d at 260.

Garcia first filed suit in El Paso County against Castillo and Relators under Section 15.002(a)(2), as Castillo, who later died, resided in El Paso. Relators added Tiffany and Skyler's estate as third-party defendants. Upon motions to transfer by both Tiffany and Relators, the El Paso court transferred the case to Mitchell County where Clayton's lawsuit was already pending. The record demonstrates that venue is proper in Mitchell County under Section 15.002(a)(1), all

or a substantial part of the events or omissions giving rise to the claim occurred there.[7]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1).  All parties agreed to the transfer.  Accordingly, there has been a venue determination fixing venue in Mitchell County.[8]

Once this venue determination was made, it became conclusive as to those parties and claims and venue was permanently fixed in Mitchell County as to the causes of action between Garcia, Relators, Tiffany, and Skyler's estate arising out of the 2018 collision.  *See Team Rocket, L.P.*, 256 S.W.3d at 260.  This conclusive venue in Mitchell County could not be overcome by a subsequent nonsuit and refiling in a different county.  *See id.*; *see also Lowe's Home Ctrs., LLC*, 531 S.W.3d at 872; *In re Shell Oil Co.*, 128 S.W.3d 694, 697 (Tex. App.— Beaumont 2004, orig. proceeding) ("If a trial court circumvents the venue-determination procedure by permitting a party to file multiple suits and selectively non-suit, then the carefully crafted venue procedure is unenforceable and ineffectual").  Additionally, "[v]enue of the main action shall establish venue of a counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil Procedure or any applicable statute."  TEX. CIV. PRAC. & REM. CODE ANN. § 15.062(a) (West 2017).  Because venue of the main action has been conclusively established in Mitchell County, that the Upshur County lawsuit may include different parties, i.e., Garcia's estate, Questa, and Castillo's heirs, does not affect the conclusive nature of the Mitchell County venue determination.  *See Ryan Marine Servs. v. Hoffman*, 668 S.W.3d 171, 186 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (applying *Team Rocket* and explaining that addition of a party and a claim against that party in instant suit did not affect conclusive nature of Harris County court's venue determination in the first suit); *see also Lowe's Home Ctrs., LLC*,

---

[7] At the time, venue was also proper under Section 15.031 because of Relators' claims against Tiffany, as executor of Skyler's estate, growing out of a negligent act or omission of Skyler that occurred in Mitchell County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.031 (West 2017).

[8] Even when parties enter an agreement regarding transfer of venue, the "trial court is not bound to transfer the cause unless it is established that the transferee court is a 'proper venue.'" *Shamoun & Norman, LLP v. Yarto Int'l Group, LP*, 398 S.W.3d 272, 289 (Tex. App.—Corpus Christi 2012, pet. dism'd).  Accordingly, despite the parties' agreement, the El Paso County trial court could not transfer the case absent a determination that venue is proper in Mitchell County and that court apparently made such a venue determination, having granted the motions to transfer and ordered the case transferred to Mitchell County. *See id.* (agreed motion to transfer did not state parties agreed Travis County was a proper venue; it merely stated that parties agreed to transfer case there; thus, agreed motion to transfer did not, by itself, compel trial court to transfer case and transfer was required only if proof was presented establishing proper venue in that county); *see also Ryan Marine Servs. v. Hoffman*, 668 S.W.3d 171, 187 (Tex. App.—Houston [1st Dist.] 2023, no pet.) ("To the extent that appellees 'agreed' that venue for the first suit was proper in Galveston County, the Harris County trial court could have considered that agreement when making its venue determination, but it was not bound by any agreement").

13

531 S.W.3d at 873 (rejecting contention that **Team Rocket** did not apply where parties for the Hidalgo County action were different from the Starr County action, noting that substitution of some parties in Hidalgo County suit did not affect conclusive nature of Starr County court's venue determination). Nor does the fact that venue may also be proper in Upshur County change the result. *See* **Team Rocket, L.P.**, 256 S.W.3d at 260 (Fort Bend County trial court abused discretion by refusing to enforce prior venue order issued by Harris County trial court; that "venue was also proper in Fort Bend County does not change the result").

Accordingly, for these reasons, we conclude that Respondent abused his discretion by refusing to enforce the El Paso court's venue order and to order the case transferred to Mitchell County.

## DISPOSITION

Having determined that Respondent abused his discretion by declining to transfer the case to Mitchell County, we ***conditionally grant*** Relators' petition for writ of mandamus. We direct Respondent to vacate his July 25, 2023, order denying Relators' motions to transfer venue, and in its stead, to issue an order granting the motion and ordering the case transferred to Mitchell County. We ***lift*** our stay of August 21, 2023.

Opinion October 11, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

14



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

OCTOBER 11, 2023

NO. 12-23-00210-CV

**AAA BROTHERS HOLDINGS, LLC AND TRI-STATE TRUCKING, LLC,**
Relators
V.

**HON. JUDGE JERALD (DEAN) FOWLER II,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by AAA Brothers Holdings, LLC and Tri-State Trucking, LLC; who are the relators in appellate cause number 12-23-00210-CV and defendants in trial court cause number 472-19, pending on the docket of the 115th Judicial District Court of Upshur County, Texas. Said petition for writ of mandamus having been filed herein on August 18, 2023, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, ***conditionally granted***.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate his July 25, 2023, order denying Relators' motion to transfer venue, and in its stead, to issue an order granting the motion and ordering the case transferred to Mitchell County; the

writ will not issue unless the HONORABLE JERALD (DEAN) FOWLER, II fails to comply with this Court's order within ten (10) days from the date of this order.

By *memorandum* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*